[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Petitioner brings this petition for a writ of habeas corpus alleging that he received two disciplinary reports, one on August 7, 1997 and the other on August 9, 1997, both of which were in retaliation for bringing a complaint against correctional CT Page 2145 staff in the United States District Court and that he was denied due process in the disciplinary appeal procedures.
He testified that on August 7, 1997 he reported to the hospital unit on his previous request for treatment of his knee and that he was admitted to the hospital unit. He stated that he wanted to return to his housing unit to obtain his legal papers but was refused on the promise that they would be brought to him. He was then ordered into Cell 3 and refused. Officer Mathiau gave him a direct order to enter Cell 3 which he refused and then Lt. Campbell ordered the officers accompanying him to escort him into the cell.
On August 9, 1997, he testified while still in the hospital unit, he had asked one nurse for a change of pajamas to be available after his shower and she told him where they were. However another nurse, Ms. Levesque, told him he could only change on Tuesdays and Fridays, and August 9th being a Thursday he was not entitled to a change and to give her the pajamas which he refused.
He has submitted as exhibits the Department of Corrections forms of Disciplinary Report and Disciplinary Process Summary Report as well as other reports used in his administrative procedures which have been marked as Petitioner's exhibits 1 through 7. They indicate that he was found guilty of the August 7th incident of "causing a disruption" and sanctioned with 10 days of punitive segregation and 15 days of confined to quarters and found guilty on the August 9th incident of flagrant disobedience and sanctioned with 15 days of punitive segregation and 15 days confined to quarters.
Although the Respondent was prepared to contest some of the Petitioner's testimony concerning what occurred after the incident, the court was satisfied that the Petitioner was award from the inmate's handbook that disobedience of a direct order of staff was a violation subject to sanctions. The Petitioner admitted that on both occasions he disobeyed direct orders. The court likewise was of the opinion that the sanctions given were commensurate with the violations found. The court is not warranted in setting aside the decisions of prison administrators that have some basis in fact. Superintendent v. Hill,472 U.S. 445, 456. The Petitioner therefore having failed to satisfy his burden of proof as to failure of due process the court terminated the hearing with a dismissal. CT Page 2146
For the above reasons this matter is dismissed.
Corrigan, JTR